UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ESMERALD HAMZARAJ,

                Plaintiff,

         - against -

ABM JANITORIAL NORTHEAST INC.,

                Defendant.
------------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 6/27/16

**OPINION AND ORDER**

15 Civ. 2030 (ER)

Ramos, D.J.:

    This employment discrimination action arises out of events that allegedly took place while Esmerald Hamzaraj ("Plaintiff") was employed by ABM Janitorial Northeast Inc. ("Defendant"). Compl. (Doc. 2) at 1–3. The case is currently proceeding pursuant to a Complaint alleging federal claims for discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), and the New York State Human Rights Law ("NYSHRL"). *Id.* at 1.

    Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or to compel mediation and arbitration pursuant to the Federal Arbitration Act ("FAA"). Doc. 15. The motion deals not with the merits of the various claims, but rather with the threshold question of arbitrability. Def.'s Mem. (Doc. 17) at 1. Defendant argues that Plaintiff's claims are subject to mandatory mediation and arbitration pursuant to the operative collective bargaining agreement ("CBA").[1] *Id.*

    For the reasons discussed below, Defendant's motion to compel mediation and arbitration is GRANTED, and the claims brought by Plaintiff are STAYED.

---

[1] A copy of the CBA is included in the record as Exhibit C to the Declaration of Harry Weinberg (Doc. 16).

I.  **Factual Background**

The following facts are based on the allegations in the Complaint, which the Court accepts as true for purposes of the instant motion. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012) (evaluating a Rule 12(b)(6) motion); *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citing *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)) (evaluating a Rule 12(b)(1) motion). Additional facts are drawn from the CBA.[2]

### A. Plaintiff's Employment and Termination

Defendant provides building maintenance and janitorial services to owners, managers, and tenants of commercial and other properties in and around the New York City metropolitan area. *See* Def.'s Mem. at 2. Plaintiff worked for Defendant as a cleaner from March 2013 until December 2014. *See* Compl. at 16. He was fifty years old when he suffered the harm alleged in the Complaint. *See id.* at 16–17. During his employment, Plaintiff was a member of the Service Employees International Union, Local 32BJ (the "Union"). *See id.* at 6. The operative CBA was entered into between the Union and the Realty Advisory Board on Labor Relations, Inc. ("RAB"), a multi-employer bargaining group of which Defendant was a member at all times relevant to Plaintiff's claims. Def.'s Mem. at 2–3.

Plaintiff alleges that while he worked for Defendant, he was subjected to age- and sex-based discrimination and retaliation. Compl. at 17. Specifically, in September 2014, Defendant denied him a promotion to an open position in a cafeteria. *Id.* In a discussion about the position,

---

[2] Although it is neither attached to nor incorporated by explicit reference into the Complaint, the CBA is properly before the Court regardless of whether the motion is analyzed under Rule 12(b)(1) or 12(b)(6). Courts are permitted to consider documents outside the pleadings when ruling on a 12(b)(1) motion. *See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000). Even if the motion were to be evaluated under Rule 12(b)(6), "[t]he CBA may be considered because [Plaintiff's] complaint 'relies heavily upon its terms and effect,' *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002), in the sense that his complaint is based entirely on his employment relationship with [Defendant], of which the CBA is an integral part." *Veliz v. Collins Bldg. Servs., Inc.*, No. 10 Civ. 6615 (RJH), 2011 WL 4444498, at *1 n.2 (S.D.N.Y. Sept. 26, 2011).

Plaintiff's manager, Sam Haxhaj, allegedly told Plaintiff that he was unqualified because he was an "old man," and the cafeteria job was for a woman. *Id.* at 8. Defendant also allegedly showed favoritism to workers who, unlike Plaintiff, were hired "via inside connections." *Id.* at 11, 17. Plaintiff consequently filed a complaint with the Union on September 29, 2014. *Id.* at 22.

Plaintiff alleges that he was retaliated against for filing the September 29, 2014 complaint. *See id.* at 7. Plaintiff claims that on October 9, 2014, he was insulted and threatened during a meeting with Mr. Haxhaj and Mr. Haxhaj's superior, Gorian Papa, who was present via telephone. *Id.* Mr. Haxhaj allegedly told Plaintiff "to not appeal to the Union." *Id.* Plaintiff was told that he would be fired if he contacted the Union regarding his treatment. *Id.*

Plaintiff filed another complaint with the Union on October 17, 2014. *Id.* On October 28, 2014, he had another meeting with Mr. Haxhaj and Mr. Papa, again present via telephone. *Id.* at 3. Mr. Papa allegedly urged Plaintiff to retract the October 17, 2014 complaint, stating that he considered it "a real threat." *Id.* at 7. At one of the October meetings, Mr. Haxhaj allegedly further implied Plaintiff might be fired for complaining to the Union, stating, "[y]ou have been working here illegally and I kept you, otherwise you would not be here anymore." *Id.* at 23. Plaintiff contacted the Union again on November 11, 2014 regarding his treatment. *Id.* at 8.

Plaintiff claims that Mr. Haxhaj thereafter staged an incident to justify firing him. *Id.* at 23. Plaintiff alleges that at 1:25 a.m. on December 4, 2014, an employee insulted him outside the building where they worked. *Id.* at 3, 23. After Plaintiff tried to engage the employee in conversation, the employee tried to hit him. *Id.* at 23. At 7:25 p.m. on December 4, 2014, Mr. Haxhaj verbally denied Plaintiff access to his place of work. *Id.* at 5. When Plaintiff subsequently contacted his union representative, he was told that he was "temporarily terminated from work until the conclusion of the investigation" of the December 4, 2014 incident. *Id.*

Plaintiff alleges that his suspension was in fact retaliation for filing and refusing to retract his complaint with the Union. *See id.* at 23. On December 5, 2014, Plaintiff submitted additional complaints to the Union and Defendant's Human Resources Department. *Id.* at 9. Eventually, Plaintiff was permanently terminated. Def.'s Mem. at 2; Pl.'s Opp'n (Doc. 23) at 3.

Plaintiff filed a charge with the Equal Employment Opportunity Commission (the "EEOC") on December 19, 2014 and was issued a right to sue letter on December 29, 2014. Compl. at 13–19. The instant lawsuit followed, in which Plaintiff alleges that he was retaliated and discriminated against in violation of Title VII, the ADEA, and the NYSHRL. *Id.* at 1.

### B. The CBA

Articles V and VI of the CBA set out a two-step grievance process, along with arbitration procedures. CBA at 13–20. The arbitrator is to "decide all differences arising between the parties as to interpretation, application or performance of any part of [the CBA] and such other issues as the parties are expressly required to arbitrate before him/her under the terms of [the CBA]." *Id.* at 15. These arbitration procedures are to constitute "the sole and exclusive method for the determination of all such issues." *Id.* at 17.

Article XVI of the CBA includes a "no discrimination" provision, the core language of which reads as follows:

> There shall be no discrimination against any present or future employee by reason of race, creed, color, age, disability, national origin, sex, sexual orientation, union membership or any characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, 42 U.S.C. § 1981, the Age Discrimination in Employment Act, the Family Medical Leave Act, the New York State Human Rights Law, the New York City Human Rights Code . . . , or any other similar laws, rules or regulations. All such claims shall be subject to the grievance and arbitration procedure (Article V and VI) as the sole and exclusive remedy for violations. Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination.

4

*Id.* at 112. In light of a dispute between the Union and RAB regarding whether individual employees had the right to pursue such discrimination claims in court if the Union declines to pursue arbitration, the parties entered into a 2010 Agreement and Protocol (the "Protocol"). *See id.* at 113–14. The terms of the Protocol were subsequently incorporated into the CBA. *See id.* at 114. The Protocol provides for mandatory mediation of discrimination claims brought by individual employees. *See id.* at 115.[3] In addition, if the Union declines to arbitrate a particular employment discrimination claim, the Protocol permits the individual employee to arbitrate the claim on his own. *See id.* at 118.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case. Fed. R. Civ. P. 12(b)(1). The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists. *Morrison v. Nat'l Austl. Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, evidence outside of the pleadings, such as affidavits, may be considered by the court to resolve the disputed jurisdictional fact issues. *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000); *see also Morrison*, 547 F.3d at 170 (citing *Makarova*, 201 F.3d at 113). When evaluating a motion to dismiss for lack of subject matter jurisdiction, the court accepts all material factual allegations in the complaint as true, but does not draw inferences from the complaint favorable to the plaintiff. *Attica Cent. Sch.*, 386 F.3d at 110 (citing *Drakos*, 140 F.3d at 131).

---

[3] For ease of reference, citations to provisions of the Protocol refer to the portion of the CBA in which that agreement has since been incorporated.

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Koch*, 699 F.3d at 145. However, the Court is not required to credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also id.* at 681 (citing *Twombly*, 550 U.S. at 551). "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). More specifically, the plaintiff must allege sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* Federal Rule of Civil Procedure 8 "marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678–79. If the plaintiff has not "nudged [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." *Twombly*, 550 U.S. at 570.

### III.  Discussion

#### A. Plaintiff's Claims Are Subject to Mandatory Mediation and Arbitration

Plaintiff's claims are subject to mandatory mediation and arbitration pursuant to the terms of the CBA.[4] In *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247 (2009), the Supreme Court examined

---

[4] There is a "lack of clarity in the case law of this Circuit (and others) as to what procedural mechanism must be employed by courts to dismiss actions in which the parties are bound to resolve (or attempt resolution of) their claims in accordance with a contractual grievance procedure, such as an agreement to arbitrate." *Tyler v. City of New York*, No. 05 Civ. 3620 (SLT) (JO), 2006 WL 1329753, at *2 (E.D.N.Y. May 16, 2006) (collecting cases). However, it is not necessary for the Court to resolve that ambiguity in deciding the instant motion. *See Greene v. Am. Bldg. Maint.*, No. 12 Civ. 4899 (DLI) (LB), 2013 WL 4647520, at *2 n.2 (E.D.N.Y. Aug. 28, 2013) (declining

6

an earlier version of this same CBA, analyzing the "no discrimination" provision in the context of an ADEA claim. The Court upheld the Union-negotiated arbitration provision as it applied to the respondent employees' statutory claims, noting that nothing in the text or legislative history of the ADEA precluded arbitration of such claims. *Id.* at 257–58. The Court summarized its holding as follows:

> The [National Labor Relations Act (the "NLRA")] provided the Union and the RAB with statutory authority to collectively bargain for arbitration of workplace discrimination claims, and Congress did not terminate that authority with respect to federal age-discrimination claims in the ADEA. Accordingly, there is no legal basis for the Court to strike down the arbitration clause in this CBA, which was freely negotiated by the Union and the RAB, and which clearly and unmistakably requires respondents to arbitrate the age-discrimination claims at issue in this appeal. Congress has chosen to allow arbitration of ADEA claims. The Judiciary must respect that choice.

*Id.* at 260.

Courts throughout this Circuit, including this Court, have since applied *Pyett*'s reasoning to claims arising under Title VII and the NYSHRL, concluding that, when the relevant CBA so specifies—as it does here—those statutes are also susceptible to mandatory arbitration. *See, e.g., Germosen v. ABM Indus. Corp.*, No. 13 Civ. 1978 (ER), 2014 WL 4211347 (S.D.N.Y. Aug. 26, 2014) (holding that claims under Title VII, the ADA, the NYSHRL, and the NYCHRL were subject to mandatory arbitration pursuant to the terms of the same CBA as the one at issue in this case); *Veliz v. Collins Bldg. Servs., Inc.*, No. 10 Civ. 6615 (RJH), 2011 WL 4444498, at *3 (S.D.N.Y. Sept. 26, 2011) ("[C]ourts in this Circuit have held that *Pyett*'s rationale applies equally to Title VII claims, and that Title VII claims therefore are subject to mandatory arbitration, provided the arbitration agreement 'clearly and unmistakably' requires as much."); *Duraku v. Tishman Speyer Properties, Inc.*, 714 F. Supp. 2d 470 (S.D.N.Y. 2010) (staying Title

---

to reach the issue "because the result 'would be the same under nearly any of the available mechanisms'") (quoting *Veliz*, 2011 WL 4444498, at *3).

VII, NYSHRL, and NYCHRL claims, including claims for retaliation); *Johnson v. Tishman Speyer Properties, L.P.*, No. 09 Civ. 1959 (WHP), 2009 WL 3364038, at *3 (S.D.N.Y. Oct. 16, 2009) (dismissing Title VII, NYSHRL, and NYCHRL claims); *Borrero v. Ruppert Hous. Co., Inc.*, No. 08 Civ. 5869 (HB), 2009 WL 1748060, at *2 (S.D.N.Y. June 19, 2009) (examining a CBA "materially indistinguishable" from the one at issue in *Pyett* and observing that "[i]t is clear that the [Supreme] Court's holding applies with equal force to Title VII claims"); *cf. Fernandez v. Windmill Distrib. Co.*, No. 12 Civ. 1968 (TPG), 2016 WL 452154, at *6 (S.D.N.Y. Feb. 4, 2016) (finding that a CBA did not mandate arbitration of statutory claims where the CBA did not specifically name the statutes as subject to arbitration).

*Pyett* leaves open one potential exception—an arbitration agreement will not be enforced where it amounts to a "substantive waiver of federally protected civil rights." 556 U.S. at 273–74. This exception does not apply here, "since nothing in the terms of the CBA prospectively waives Plaintiff's statutory rights or prevents him from vindicating them in the arbitral forum." *Gildea v. BLDG Mgmt.*, No. 10 Civ. 3347 (DAB), 2011 WL 4343464, at *4 (S.D.N.Y. Aug. 16, 2011). In fact, even if the Union declines to take Plaintiff's employment discrimination claim to arbitration, the CBA provides a means for Plaintiff to pursue his claims in arbitration independently. *See* CBA at 118. Although Plaintiff allegedly filed various complaints with the Union, nothing in the Complaint indicates what redress, if any, he sought from the Union—and there is nothing suggesting that he took any efforts to pursue arbitration on his own if and when the Union declined to act.

Plaintiff's claims are thus subject to mandatory mediation and arbitration pursuant to the terms of the CBA. If Plaintiff wishes to proceed with those claims, he is directed to submit to the mediation and arbitration procedures contemplated by the CBA and the Protocol.

## B. Staying This Case Pending Arbitration

Defendant asks this Court to dismiss Plaintiff's Complaint or to compel mediation and arbitration of Plaintiff's claims pursuant to the FAA.[5] *See* Def.'s Mem. at 1. Because this case involves issues that are arbitrable pursuant to a written agreement, the FAA requires that the Court stay the proceedings pending arbitration. *See* 9 U.S.C. § 3. Furthermore, the Second Circuit recently held that "the text, structure, and underlying policy of the FAA mandate a stay of proceedings when all of the claims in an action have been referred to arbitration and a stay requested." *Katz v. Cellco P'ship*, 794 F.3d 341, 347 (2d Cir. 2015). The Second Circuit explained that a mandatory stay is consistent with the FAA's statutory scheme, which authorizes the immediate interlocutory review of orders refusing to compel arbitration or denying a stay, while denying an immediate appeal from an order compelling arbitration or staying proceedings. *Id.* at 345–46. A mandatory stay is also "consistent with the FAA's underlying 'policy to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" *Id.* at 346 (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)).

A stay will also permit the parties to avoid the burden of additional litigation and proceed to mediation and arbitration directly. *See Moton v. Maplebear Inc.*, No. 15 Civ. 8879, 2016 WL 616343 (CM), at *9 (S.D.N.Y. Feb. 9, 2016); *see also Merrick v. UnitedHealth Grp. Inc.*, 127 F. Supp. 3d 138, 154 (S.D.N.Y. 2015) (staying claims instead of dismissing them where the

---

[5] Arbitration agreements have been enforced under the FAA in disputes between employees and employers, even where the employment relationship was governed by a CBA. *See, e.g., Pyett*, 556 U.S. 247; *see also Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 109 (2001) (holding that the FAA's exclusion from coverage of "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce" applies only to employment contracts of transportation workers); *Begonja v. Vornado Realty Trust*, No. 15 Civ. 4665 (PAE), 2016 WL 356090, at *9 (S.D.N.Y. Jan. 29, 2016) (applying the FAA to stay plaintiff's discrimination claims and compel arbitration pursuant to a CBA).

9

defendant filed motions to compel arbitration and dismiss the claims); *China Media Express Holdings, Inc. by Barth v. Nexus Executive Risks, Ltd.*, No. 15 Civ. 8429 (VM), 2016 WL 2609289, at *8 (S.D.N.Y. Apr. 25, 2016) (staying claims instead of dismissing them where the defendant moved to dismiss the claims). Accordingly, this Court stays Plaintiff's claims pending mediation and arbitration.

### IV. Conclusion

For the reasons set forth above, Defendant's motion to compel mediation and arbitration of Plaintiff's claims is GRANTED, and the claims brought by Plaintiff are STAYED as against Defendant.

The Clerk of the Court is respectfully directed to terminate the motion, Doc. 15, and to mail a copy of this Opinion and Order to Plaintiff.

It is SO ORDERED.

Dated: June 27, 2016
New York, New York

_____
Edgardo Ramos, U.S.D.J.